14-3734-cr
United States v. Lopez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of August, two thousand fifteen.

Present:     GUIDO CALABRESI,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                    14-3734-cr

MARIANITO LOPEZ, AKA Powie, AKA Bowie,
AKA Bow Wow, AKA Pow Wow,

                    *Defendant-Appellant*.[1]
_____

Appearing for Appellant:     JENNIFER N. MELLON, Assistant Federal Defender, Office of
                             the Federal Defender, New Haven, CT.

Appearing for Appellee:      GEOFFREY M. STONE, Assistant United States Attorney (Marc
                             H. Silverman, Assistant United States Attorney, *on the brief*), *for*
                             Deirdre M. Daly, United States Attorney for the District of
                             Connecticut, New Haven, CT.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the District of Connecticut (Burns, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Marianito Lopez appeals the September 23, 2014 judgment of the United States District Court for the District of Connecticut (Burns, *J.*), which sentenced him to 18 months' imprisonment, to be served consecutively to his state sentence, upon Lopez's admission to violating his federal probation by, inter alia, conspiring to possess heroin with intent to sell. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a sentence for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence is procedurally unreasonable when: the district court (1) fails to calculate the Guidelines range; (2) is mistaken in the Guidelines calculation; (3) treats the Guidelines as mandatory; (4) does not give proper consideration to the § 3553(a) factors; (5) makes clearly erroneous factual findings; (6) does not adequately explain the sentence imposed; or (7) deviates from the Guidelines range without explanation." *United States v. Diamreyan*, 684 F.3d 305, 308 (2d Cir. 2012) (internal quotation marks omitted).

For the first time on appeal, Lopez contends that his sentence is procedurally unreasonable because the district court failed to calculate the applicable Guidelines range, treated the Guidelines as mandatory, failed to consider Lopez's arguments for a non-Guidelines sentence, did not consider the 18 U.S.C. § 3553(a) factors, and did not adequately explain the sentence imposed. Because Lopez did not raise these objections at sentencing, we review his procedural challenge for plain error. *See United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012). Under that standard, we have the discretion to correct an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings only if there is an "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

When a district court explains its sentencing decision, "the length and level of detail required varies depending upon the circumstances." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007). Where, as here, the sentence concerns a violation of probation and the ultimate sentence is within the recommended range, "compliance with the statutory requirements can be minimal." *Cassesse*, 685 F.3d at 192; *see United States v. Verkhoglyad*, 516 F.3d 122, 132-33 (2d Cir. 2008) ("[A] court's statement of its reasons . . . in imposing a sentence after revoking a defendant's probationary term need not be as specific . . . ." (internal quotation marks and alterations omitted)). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration . . . has occurred." *Cassesse*, 685 F.3d at 192 (quoting *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005)).

Although we acknowledge that the district court's explanation of Lopez's sentence was brief, under our precedent, we cannot conclude that the district court failed to fulfill its duties under the statute, and the error, if any, was not plain. Both parties agreed at sentencing—as they do on appeal—that the Sentencing Commission's policy statement on probation revocation recommended a range of imprisonment between 12 and 18 months "to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. 7B1.3(f); *see United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007). "Thus, we will not assume, simply from the fact that the district court did not reference the [12- to 18-month] sentencing range provided in U.S.S.G. § 7B 1.4(a), that it failed to satisfy its § 3553(a)(4)(B) obligation." *Verkhoglyad*, 516 F.3d at 129.

Furthermore, the district court clearly considered and expressly rejected Lopez's request for a concurrent sentence, citing as justification the seriousness of Lopez's offense. We do not insist that the district court address in detail every argument the defendant has made or discuss every § 3553(a) factor individually. *Villafuerte*, 502 F.3d at 210. The district court's explanation was therefore sufficient to show that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

We have considered the remainder of Lopez's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk